**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
YUSEF STEELE,                      :
                                   :  Civil Action No. 06-1070 (JAG)
          Plaintiff,               :
                                   :
     v.                            :
                                   :         O P I N I O N
NEW JERSEY STATE PAROLE            :
BOARD, et al.,                     :
                                   :
          Defendants.              :
_____:
```

**APPEARANCES:**

    YUSEF STEELE, Plaintiff, pro se
    # 4313341
    East Jersey State Prison
    300987C D-Unit
    Lock Bag R.D.
    Rahway, New Jersey 07065

**GREENAWAY**, District Judge

    Plaintiff, Yusef Steele ("Steele"), confined at the East Jersey State Prison in Rahway, New Jersey at the time he submitted this Complaint for filing, seeks to bring this action in forma pauperis, pursuant to 28 U.S.C. § 1915.  Based on plaintiff's affidavit of indigence and his prison account statements, it appears that plaintiff is qualified to proceed as an indigent.  Therefore, this Court will grant plaintiff's application to proceed in forma pauperis and direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee.

Having reviewed the Complaint to identify cognizable claims, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, this Court concludes that the Complaint should be dismissed without prejudice.

## I.   BACKGROUND

Steele filed this civil rights action, under 42 U.S.C. § 1983, against the following defendants: the New Jersey State Parole Board (hereinafter, the "Board") and Chairman D'Amico. (Complaint, Caption, ¶¶ 4b, c and 6).  The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Steele alleges that the New Jersey Department of Corrections ("NJDOC") has failed to give him credit for jail time since February 2004.  He also challenges the Board's decision in which Steele was given a 20 month "hit" (i.e., parole ineligibility period) before he would be eligible for parole.  This decision was the result of a parole rescission hearing.  Steele contends that this 20-month parole eligibility date extends beyond his initial maximum release date of November 3, 2004 (with respect to his earlier sentence imposed on April 8, 2002) or May 8, 2006 (which appears to apply to his second sentence imposed on September 16, 2005).[1]  He seeks credit for computation time

---

[1]  Steele gives several dates for his maximum release date. It is not entirely clear how he is calculating his parole eligibility date or his maximum release date.  The NJDOC internet site for Offender Searches indicates that Steele's projected

apparently revoked as a result of new criminal charges when he was out on parole earlier. Steele also seeks money damages, in the amount of $1,500 per day, for every day he remains incarcerated beyond his parole eligibility date. (Compl., ¶¶ 6, 7).

Steele next alleges that his right against double jeopardy was violated because he has to serve time already served on his initial sentence. He further claims a violation of his due process rights and his Eighth Amendment right against cruel and unusual punishment based on a conflict that he had with two inmates which caused him to lose good time credits. Steele alleges that his altercation with these inmates (who apparently made homosexual passes at him) would not have happened but for the fact that he was in prison beyond the date he alleges he should have been released on parole. He seeks money damages on this claim. (Compl., ¶ 6).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss

---

maximum release date is June 1, 2007, and that he does not have a parole eligibility date.

any claim that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

---

[2]  The PLRA also requires courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that Yusef Steele has filed any actions to date that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(g).

complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim, but lacked sufficient detail to function as a guide to discovery, was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

### III.  SECTION 1983 LIABILITY

The Complaint asserts an action under 42 U.S.C. § 1983, alleging violations of plaintiff's constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

A.  <u>Restoration of Credits and Earlier Parole Eligibility Date</u>

The Complaint seeks to have Steele's commutation time restored, to fix Steele's parole eligibility date, and to be released earlier than the contested parole eligibility date of June 1, 2007.  These claims are cognizable only in a habeas action after state court remedies have been exhausted.

There is no federal constitutional right to parole; states, however, may create a parole entitlement protected by the Due Process Clause.  <u>See</u> <u>Greenholtz v. Inmates of Nebraska Penal & Correctional Complex</u>, 442 U.S. 1, 7 (1979); <u>Prevard v. Fauver</u>, 47 F. Supp.2d 539, 545 (D.N.J.), <u>aff'd</u>, 202 F.3d 254 (3d Cir. 1999).

6

Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections.  See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Board v. Byrne, 93 N.J. 192, 203 (1983).  Judge Lifland of this Court has held that these cases remain good law even after taking into account the rule announced by the Supreme Court in Sandin v. Conner, 515 U.S. 472, 484 (1995) (citation omitted), that liberty interests created by state law "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  See Watson v. DiSabato, 933 F. Supp. 390, 392-93 (D.N.J. 1996) (prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response).

The question remains what process is due.  The Supreme Court of New Jersey has stated that

> Only a few basic procedures are required to deal with the risks of erroneous or arbitrary determinations in this context.  We conclude that the process required is notice of the pendency of the parole disposition, a statement by the objecting judge or prosecutor of the reasons why the punitive aspects of the sentence have not been fulfilled, and the opportunity for the

>     prisoner to respond in writing to that statement of
>     reasons. No hearing, confrontation, or counsel issues
>     are implicated here.

Byrne, 93 N.J. at 211.

However, Judge Thompson of this Court has held that due process does not require that a hearing be held in exact accordance with the time period specified by the applicable New Jersey statutes. See Burgos v. New Jersey State Parole Board, 2000 WL 33722126, *8 (D.N.J. Aug. 7, 2000). While delay for an extended period of time may violate a prisoner's due process rights, "procedural errors are generally cured by holding a new hearing in compliance with due process requirements." Id. at *8-9. See also Johnson v. Paparozzi, 219 F. Supp.2d 635, 642 (D.N.J. 2002).

This is not to say that every allegation of constitutional violations in parole proceedings is the proper subject for an action under § 1983. In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of

8

their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, *i.e.*, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983 (a form of relief not available through a habeas corpus proceeding). The Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

9

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

Later, in <u>Edwards v. Balisok</u>, 510 U.S. 641 (1997), the Supreme Court applied the lessons of <u>Preiser</u> and <u>Heck</u> to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits. The Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, which in that case was the disciplinary finding and punishment. 520 U.S. at 646-8.

10

Here, Steele disputes his parole eligibility date and the loss of good time credits or commutation time.[3] In essence, these claims challenge the duration of Steele's imprisonment and seek an earlier release from prison.[4] Accordingly, under Preiser, Steele's sole federal remedy is a writ of habeas corpus after exhaustion of state remedies.

There is no allegation in the Complaint that Steele has exhausted his state court remedies before proceeding with this action in federal district court. Therefore, the claims challenging his parole eligibility date and loss of good time

---

[3] It appears that Steele is asserting a violation of due process and his Eighth Amendment right against cruel and unusual punishment with respect to a disciplinary proceeding that resulted in the loss of good time credits for having an altercation with two inmates. He claims he would not have been in "harm's way" if he had been released on parole; therefore, there would have been no disciplinary action and sanctions. As these § 1983 due process and Eighth Amendment claims implicate the invalidity of the disciplinary proceeding or the parole rescission hearing, Steele would be barred from bringing a § 1983 action for damages under Heck and Edwards v. Balisok until the disciplinary or parole rescission proceedings have been invalidated.

[4] Claims alleging a miscalculation of a parole eligibility date are not cognizable in a § 1983 action. See Benson v. New Jersey State Parole Board, 947 F. Supp. 827 (D.N.J. 1996). In Benson, petitioner sought habeas and declaratory relief, as well as punitive damages under § 1983, for allegations that he had been denied a timely parole hearing, and that his parole eligibility date had been miscalculated. Id. at 828. The court held that a declaratory judgment in Benson's favor would "necessarily entail a determination of Benson's proper initial parole eligibility date," which is, in effect, an attack on the duration of his confinement. Id. at 832. Since Benson ultimately sought an earlier parole eligibility date, the court ruled that his claims were reviewable by habeas petition only. See id. (citation omitted).

credit will be dismissed without prejudice. Steele may bring such claims by way of a federal habeas petition after he has exhausted his state court remedies.

Moreover, the action for damages is not cognizable pursuant to Heck and Benson. Any decision in Steele's favor would necessarily entail a determination of Steele's proper initial parole eligibility date, or imply the invalidity of the judgment or disciplinary findings that resulted in the loss of good time credits and an extended parole eligibility date. Therefore, the Complaint challenging the parole eligibility date and loss of good time credits and seeking damages for everyday Steele remains in custody will be dismissed without prejudice.

B.  Double Jeopardy Claim

Finally, Steele asserts that defendants have violated the Double Jeopardy Clause of the U.S. Constitution by having him serve time beyond the maximum date of his first sentence based on a 20-month parole eligibility date imposed in a parole "rescission" hearing. This claim lacks merit.

Parole revocation or a rescission of parole status is not part of a criminal prosecution, and is merely remedial and not punitive. Thus, the Fifth Amendment guarantee against double jeopardy that bars multiple prosecutions for the same crime or conduct does not apply to bar parole revocation. Standlee, 557 F.2d at 1305-06. See also United States v. Hanahan, 798 F.2d 187, 189-190 (7th Cir. 1986)(parole proceedings serve different

ends than criminal prosecutions); Garcia v. United States, 769 F.2d 697, 700 (11th Cir. 1985)(double jeopardy does not apply to parole revocations); Carrasquillo, 677 F.2d at 22 ("the double jeopardy clause of the fifth amendment does not bar use of [dismissed criminal] charges in a parole revocation proceeding").

To the extent that Steele is challenging the validity of a state sentence or parole eligibility date with respect to his parole rescission hearing, this claim must first be raised and exhausted in state court before bringing a federal habeas petition in this Court.

## V.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a cognizable claim under 42 U.S.C. § 1983.


                                             S/Joseph A. Greenaway, Jr.
                                             JOSEPH A. GREENAWAY, JR., U.S.D.J.

DATED: July 5, 2006